UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-21638

JACKIE WYNE,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

     Plaintiff, JACKIE WYNE ("Plaintiff"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

     1.    Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

     2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333.

     3.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.

     4.    Suit is filed in federal court because of the federal forum selection clause in the passenger contract ticket issued by Defendant.

     5.    Plaintiff is *sui juris* and is a resident and citizen of the state of Oklahoma.

     6.    Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the state of Florida, who at all times material hereto was and is doing business

in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

7.      Defendant is a citizen of the State of Florida and the nation of Panama.

8.      Defendant, at all times material hereto, personally or through an agent, in Miami-Dade County, Florida, in the Southern District of Florida:

   a.  Operated, conducted, engaged in or carried on a business venture; and/or

   b.  Had an office or agency; and/or

   c.  Engaged in substantial activity; and/or

   d.  Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193.

9.      All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## DEFINITIONS AND FACTUAL ALLEGATIONS

10.     Hereinafter, the phrase, the "subject area," shall include, but not be limited to, the stanchion, all material and effects pertaining thereto, and the area surrounding it.

11.     At all times material hereto, Defendant owned, leased, chartered, operated, maintained, managed, and/or controlled the subject area and the vicinity involved in Plaintiff's incident.

12.     At all times material hereto, Defendant owned, leased, chartered, operated, maintained, managed, and/or controlled the cruise ship, the Carnival *Breeze*, which is registered under the flag of Panama.

13.    Plaintiff's incident occurred on or about February 28, 2022, while Plaintiff was in the Port of Galveston, Texas, and boarding Defendant's vessel, the Carnival *Breeze*, as a fare paying passenger.

14.    On or about February 28, 2022, Plaintiff and her family were in the process of boarding the subject ship. However, Defendant's employees that were stationed at the Port of Galveston (including, upon information and belief, Defendant's employee named Victor Gonzalez, who was wearing Defendant's uniform) were rushing them during the boarding process.

15.    Another of Defendant's employees,[1] stationed at the boarding pass area, stood in front of a stanchion in the boarding area, obstructing Plaintiff's the view of the stanchion, which posed a tripping hazard. This employee failed to advise, warn, or in any way seek to make Plaintiff aware of the stanchion or the danger it posed, and Plaintiff tripped and fell over this stanchion and its hidden base due to Defendant's employees rushing her through the subject area. Defendant's employees subsequently removed the stanchion after Plaintiff tripped and fell.

16.    Other employees of Defendant came to the scene and Defendant's employees realized Plaintiff needed treatment, but despite the fact that Plaintiff's foot was clearly broken, disjointed, and deformed, Defendant's employees unreasonably delayed in calling an ambulance and told Plaintiff that they would not call an ambulance until Defendant's medical staff examined Plaintiff.

17.    Because of this unreasonably delay, Plaintiff's sister insisted that Defendant call 911, and only after she did so, an ambulance arrived and took Plaintiff to a hospital.

---

[1] This employee that obstructed Plaintiff's view of the stanchion was an older female with short, blond, and/or light hair, and medium weight, and was wearing Defendant's uniform.

18.   Moreover, Defendant apologized to Plaintiff's sister for Plaintiff's incident, took responsibility for it, and promised to follow up with Plaintiff (but failed to do so after Plaintiff returned to Oklahoma). A copy of Defendant's apology email is attached below.

We're extremely sorry to hear about the experience you had. We sincerely hope that by receipt of this email, your sister is on her way to being recovered . The safety and wellbeing of our guests are at the forefront of our mind on all cruises, even prior to stepping onboard and making sure you have a fun and memorable vacation coming close second.

I have forwarded your email regarding your future cruise credit to the appropriate department and they will be in touch with you soon with more details.

Our Care Team is working very closely with your sister and has spoken with her since being in the hospital and they will be following up with her. As the privacy of our guest is a priority we will only be able to communicate with her regarding incident.

We wish her a speedy recovery and hope to welcome you all onboard in the future.

Sincerely,

Jodi Harris-Rivero
Guest Care Specialist
Carnival Cruise Line | 3655 NW 87th Avenue | Miami, FL 33178 |
iCare@carnival.com

19.   As a result of Plaintiff's incident, Plaintiff suffered severe injuries that include, but are not limited to, a trimaleollar fracture with dislocation.

20.   The dangerous conditions included, but are not limited to, the following:

a.   Plaintiff was being unreasonably rushed during the boarding process by Defendant's employees; and/or

b.   Defendant was exercising unreasonable and improper crowd control; and/or

c.   The stanchion and its base was unreasonably hidden and obscured from Plaintiff by Defendant's employee; and/or

d.   Defendant failed to advise, warn, or in any way seek to make Plaintiff aware of the stanchion or the danger it posed; and/or

e. The fact that Defendant did not have reasonably trained employees adequately supervising the subject area at the time; and/or

f. People previously tripped over and/or made complaints regarding the subject area and experienced other incidents substantially similar to Plaintiff's involving Defendant's employees' negligence; and/or

g. The subject stanchion was unreasonably short, small, and/or otherwise not reasonably visible such that a reasonable person such as Plaintiff could not see it prior to an incident such as Plaintiff's; and/or

h. Other dangerous conditions that will be revealed through discovery.

21.   Each of these dangerous conditions alone were sufficient to cause Plaintiff's incident and injuries, and Plaintiff is alleging that Defendant was negligent as to each of these conditions.

22.   Defendant either knew or should have known of these risk creating and/or dangerous conditions, due to reasons that include, but are not limited to, the following:

a. Furthermore, the dangers were and/or should have been known prior to Plaintiff's incident because Plaintiff had seen Defendant's employees use the subject area and other stanchions prior to her incident in a previous year such that they should have been familiar with the dangers thereof, and Defendant should have been aware of these conditions ever since it started operating/managing/using the subject area.

b. Previous passengers suffered prior substantially similar incidents involving the negligence of Defendant's employees, including, but not limited to, the plaintiffs in *Franklin v. Carnival Corporation*, 1:21-cv-24449-PCH, *Heald v. Carnival Corporation*, 1:18-cv-22300-CMA, and *Hornsberger v. Carnival Corporation*, 1:22-cv-20204-DPG.

c. Upon information and belief, there are relevant safety standards/recommendations/other guidelines regarding the safety of the subject area, including, but not limited to, the proper height, size, color, visibility, and the proper functionality of stanchions, not unreasonably rushing passengers, and proper crowd control, and Defendant should have known of these standards because whether such standards are legally required for Defendant to comply with or not, a fact-finder is entitled to determine, if it so choses, that these standards/recommendations/other guidelines show what a reasonable Defendant should have done.

d. Defendant also knew or should have known of these dangerous conditions through inspecting the subject area and the vicinity involved in Plaintiff's incident, and if it did not know of these dangerous conditions, this was because it failed to adequately inspect the subject area and the vicinity involved in Plaintiff's incident.

e. Moreover, Defendant knew or should have known of these dangerous conditions for other reasons that will be revealed through discovery.

23. At all times relevant, the subject area was unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

24. The subject area and the vicinity lacked adequate safety features to prevent Plaintiff's fall.

25. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care, and existed for a period of time before the incident.

26. These conditions were neither open nor obvious to Plaintiff.

27. At all times relevant, Defendant failed to adequately inspect the subject area and the vicinity for dangers, and Defendant failed to adequately warn Plaintiff of the dangers.

**ARONFELD TRIAL LAWYERS**
Aronfeld.com
**Page 6 of 26**

28.   At all times relevant, Defendant had the ability to cure the deficiencies and to eliminate the hazards, but failed to do so, such that people, including Plaintiff, fell in the subject area.

29.   At all times relevant, Defendant failed to maintain the subject area and the vicinity in a reasonably safe condition.

30.   At all times relevant, Defendant participated in the design and/or approved the design of the subject area and the vicinity involved in Plaintiff's incident.

31.   At all times relevant, Defendant participated in the installation and/or approved the installation of the subject area and the vicinity involved in Plaintiff's incident.

32.   The employees of the Carnival *Breeze* and the employees who were stationed at the Port of Galveston were in regular full-time employment of Defendant as salaried employees, and subject to its discipline and master's orders.

33.   Defendant had the right to hire and terminate its employees.

34.   Defendant is directly responsible and liable for its actions and the actions of its employees.

35.   The employees, including the employees that came to treat Plaintiff, were employees and/or actual agents and/or apparent agents of Defendant, and acted within the course and scope of their employment and/or agency agreement and/or relationship.

36.   The employees were represented to Plaintiff and Defendant's passengers as employees of Defendant through signs, documents, and/or uniforms. The employees were also paid a salary and/or an hourly wage by Defendant, and knew that the employees represented themselves to be employees of Defendant and allowed them to represent themselves as such. Plaintiff detrimentally relied on these representations as she would not have proceeded on the subject cruise had she believed these employees were not employees of Defendant.

## COUNT I
## NEGLIGENT FAILURE TO INSPECT, CLEAN, MAINTAIN, REPAIR, REMEDY, AND/OR TAKE OTHER REASONABLE MEASURES FOR THE SAFETY OF PLAINTIFF

37.     Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 36 as if set forth herein.

38.     Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

39.     This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately inspecting, cleaning, maintaining, repairing, and/or remedying the subject area and the vicinity, and/or making other efforts to make sure the subject area and the vicinity were safe for the use and enjoyment of its passengers.

40.     At all times material, Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant breached the duty of reasonable care owed to Plaintiff and were negligent by failing to adequately inspect, clean, maintain, repair, and/or remedy the subject area and the vicinity, and/or to make other efforts to make sure the subject area and the vicinity were safe, such that the risk creating and/or dangerous conditions discussed in the "Definitions and Factual Allegations" section of the instant complaint were present at the time of Plaintiff's incident.

41.     These risk creating and/or dangerous conditions were caused by design defects and/or by Defendant's failure to adequately inspect, clean, maintain, repair, and/or remedy the subject area and the vicinity, and/or to make other efforts to make sure the subject area and the vicinity were safe.

42.     Defendant's failure to adequately clean, maintain, repair, and/or remedy the subject area and the vicinity, and/or to make other efforts to make sure the subject area and the vicinity

were safe, was either due to its failure to adequately inspect the subject area and the vicinity prior to Plaintiff's incident to ensure they were in a reasonably safe condition, or due to its failure to adequately clean, maintain, repair, and/or remedy the subject area and the vicinity, and/or to make other efforts to make sure the subject area and the vicinity were safe, despite its knowledge of the dangerous conditions, which posed a risk to its passengers.

43.    In addition, Defendant either knew or should have known of these risk-creating and/or dangerous conditions for the reasons discussed in the "Definitions and Factual Allegations" section of the instant complaint.

44.    Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred.

45.    As a result of Defendant's negligence, Plaintiff has suffered severe bodily injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost past and future wages, loss of earning capacity, loss of the value of Plaintiff's vacation, cruise, and transportation costs.

46.    The losses are either permanent or continuing in nature.

47.    Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JACKIE WYNE, demands judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injuries, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost past and future wages, loss of earning capacity,

loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT FAILURE TO WARN

48.    Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 36 as if set forth herein.

49.    At all times relevant, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

50.    Such duty includes, but is not limited to, the duty that Defendant owes to warn passengers of any dangers that it knew or should have known that were not open and obvious to Plaintiff.

51.    Such duty also includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

52.    At all times material, Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant, breached the duty of reasonable care owed to Plaintiff and was negligent by failing to warn Plaintiff of the dangerous conditions discussed in the "Definitions and Factual Allegations" section of the instant complaint.

53.    Furthermore, Defendant knew or should have known of these dangerous conditions for the reasons discussed in the "Definitions and Factual Allegations" section of the instant complaint.

54.    These dangerous conditions were also created by Defendant.

55.    Defendant either failed to adequately inspect the subject staff, area, and the vicinity

to ensure that there were no dangerous conditions that passengers needed to be warned of, or Defendant failed to warn Plaintiff despite knowing of the dangers.

56.   These dangerous conditions existed for a period of time before the incident.

57.   These conditions were neither open nor obvious to Plaintiff.

58.   Defendant's breach was the cause in-fact of Plaintiff's great bodily harm in that, but for Defendant's breach, Plaintiff's injuries would not have occurred.

59.   Defendant's breach proximately caused Plaintiff great bodily harm in that the incident that occurred was a foreseeable result of Defendant's breach.

60.   As a result of Defendant's negligence, Plaintiff has suffered severe bodily injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost past and future wages, loss of earning capacity, and loss of the value of Plaintiff's vacation, cruise, and transportation costs.

61.   The losses are either permanent or continuing in nature.

62.   Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JACKIE WYNE, demands judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injuries, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost past and future wages, loss of earning capacity, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily

functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT III
### NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE SUBJECT AREA AND THE VICINITY

63.    Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 36, as if set forth herein.

64.    At all times material hereto, Defendant owed a duty to its passengers, and in particular to Plaintiff, not to permit dangerous conditions to be in places where they could harm passengers, such as those discussed in the "Definitions and Factual Allegations" section of the instant complaint, as well as to design and install reasonable safeguards.

65.    At all times material hereto, Defendant participated in the design process of the subject area by purchasing and/or approving of the use of the subject area, including the design of the subject area and the vicinity.

66.    At all times material hereto, Defendant manufactured, designed, installed, and/or approved of the area, and as such owed a duty to its passengers, and in particular to Plaintiff, to design, install and/or approve of the subject area without any defects.

67.    At all times material hereto, Defendant through its agents and/or employees who were acting in the course and scope of their employment and/or agency with Defendant, designed, installed, and/or approved of the subject area involved in Plaintiff's incident, which was also in violation of the applicable industry standards/recommendations/and/or other guidelines.

68.    Defendant approves of the purchase and/or use of the subject area.

69.    Defendant maintains the contractual right to participate, review, modify, and/or reject the purchase and/or use of the subject area.

70. Defendant has the right to enter and/or use the subject area to ensure that it conforms with its desires and/or specifications, and has a right to insist on changes when safety concerns are identified.

71. Defendant has the right to inspect and reject design elements before taking possession of the subject area.

72. At all times material hereto, Defendant knew or had reason to know the subject area involved in Plaintiff's incident was unreasonably dangerous for the reasons discussed in the "Definitions and Factual Allegations" section of the instant complaint.

73. However, Defendant permitted the dangerous conditions to be present in the subject area without correcting these design deficiencies and did not design, approve, and/or install reasonable safeguards.

74. The design flaws that made the subject area involved in Plaintiff's incident unreasonably dangerous were the direct and proximate cause of Plaintiff's injuries.

75. Defendant is liable for the design flaws of the subject area involved in Plaintiff's incident, which it knew or should have known of.

76. Defendant failed to correct and/or remedy the defective conditions despite the fact that it knew or should have known their danger.

77. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost past and future wages, loss of earning capacity, and loss of the value of Plaintiff's vacation, cruise, and transportation costs.

78. The losses are either permanent or continuing in nature.

79. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JACKIE WYNE, demands judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injuries, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost past and future wages, loss of earning capacity, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENCE FOR THE ACTS OF DEFENDANT'S CREW, STAFF, EMPLOYEES, AND/OR AGENTS, BASED ON VICARIOUS LIABILITY

80. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 36, as if set forth herein.

81. Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its patrons.

82. The employees who were rushing Plaintiff, obstructing Plaintiff's vision of the subject stanchion (including by standing in front of it), and who purchased and/or approved the use of the subject stanchion were agents of Defendant for the following reasons:

83. They were the staff and/or employees of Defendant, or were Defendant's agents, apparent agents, and/or servants.

84. These staff, employees, and/or agents were subject to the right of control by Defendant.

85.   These staff, employees, and/or agents were acting within the scope of their employment or agency.

86.   Defendant acknowledged that these staff, employees, and/or agents would act on Defendant's behalf, and they accepted the undertaking.

87.   Defendant is vicariously liable for the acts of its staff, employees, and/or agents, as discussed in the "Definitions and Factual Allegations" section of the instant complaint.

88.   This negligence proximately caused Plaintiff great bodily harm in that, but for this negligence, Plaintiff's injuries would not have occurred.

89.   As a result of Defendant's negligence, Plaintiff has suffered severe bodily injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost past and future wages, loss of earning capacity, and loss of the value of Plaintiff's vacation, cruise, and transportation costs.

90.   The losses are either permanent or continuing in nature.

91.   Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JACKIE WYNE, demands judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injuries, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost past and future wages, loss of earning capacity, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily

functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT V**
**VICARIOUS LIABILITY AGAINST DEFENDANT FOR THE NEGLIGENCE OF THE EMPLOYEES THAT CAME TO TREAT PLAINTIFF**

92.    Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 36, as if set forth herein.

93.    Defendant, through its employees that came to treat Plaintiff, owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

94.    Such duties include, but are not limited to, providing such medical, first aid care and/or other assistance as would an ordinarily prudent person under the circumstances.

95.    At all times material, the employees that came to treat Plaintiff were full time employees and agents of Defendant, subject to its direction and control, who were engaged in the activity of discharging Defendant's obligation to make such medical, first aid and/or other assistance available to its passengers as would an ordinarily prudent person under the circumstances.

96.    Defendant is estopped to deny that the employees that came to treat Plaintiff were its agents and/or employees and/or servants.

97.    Defendant directly paid the employees that came to treat Plaintiff a salary (i.e., payment by time) for their work, including their work in treating passengers.

98.    The employees that came to treat Plaintiff were members of Defendant's crew; they were subject to Defendant's discipline; they were required to wear the ship's uniforms, and at all times they were subject to termination, or other discipline, by Defendant.

99. Defendant, through the employees that came to treat Plaintiff, breached its duties, and was negligent by failing to timely call an ambulance and/or to otherwise arrange for Plaintiff to receive timely treatment for her injuries.

100. Furthermore, Defendant, through its employees and/or agents, breached its duties, and was negligent because the employees that came to treat Plaintiff and/or other employees that were responsible for treating Plaintiff lacked adequate experience in treating the injuries Plaintiff suffered.

101. Moreover, Defendant, through the employees that came to treat Plaintiff, breached its duties, and was negligent by failing to take proper measures to ensure that Plaintiff was able to obtain the medical treatment Plaintiff needed in a reasonable amount of time, and as a result, Plaintiff suffered additional injuries and/or Plaintiff's injuries were aggravated and made worse.

102. Additionally, at all times material hereto, Defendant, through the employees that came to treat Plaintiff, was careless, negligent, and breached its duties as follows (for factual details, see the "Definitions and Factual Allegations" section of the instant complaint):

   a. Failing to timely call an ambulance and/or to otherwise arrange for Plaintiff to receive timely treatment for her injuries;

   b. Failing to promptly provide Plaintiff with proper medical and/or first aid care and attention;

   c. Failing to timely and properly diagnose and/or assess Plaintiff's condition;

   d. Failing to timely and properly attend to the Plaintiff, Plaintiff's injuries, and Plaintiff's pain;

   e. Failing to provide reasonable medical and/or first aid care;

   f. Failing to timely and properly treat and care for the Plaintiff;

g.  Failing to timely and properly examine the Plaintiff's injuries;

h.  Failing to take proper measures to secure proper treatment for Plaintiff, including unreasonably delaying taking measures to secure such proper treatment;

i.  Failing to properly bring and/or arrange for Plaintiff to be brought to an emergency room within a reasonable amount of time; and/or

j.  Failing to give Plaintiff proper instructions.

103.  Under the doctrine of *Respondeat Superior*, employers are vicariously liable for the negligent acts or omissions by their employees and/or other agents within the course of their employment and/or agency.

104.  Defendant is therefore vicariously liable for all injuries and damages sustained by Plaintiff as a result of the negligence of the employees that came to treat Plaintiff.

105.  At all times material hereto, the aforementioned acts or omissions on the part of the Defendant's employees that came to treat Plaintiff, fell below the standard of care.

106.  The negligence of Defendant's employees that came to treat Plaintiff, proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or said injuries would have been substantially lessened.

107.  Defendant, through its employees and agents, to wit, its employees that came to treat Plaintiff, knew or should have known that the medical and/or first-aid procedures they employed violated and/or did not meet reasonable standards of care.

108.  As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, past and

future lost wages, loss of earning capacity, loss of the value of Plaintiff's vacation, cruise, and transportation costs.

109.  The losses are either permanent or continuing in nature.

110.  Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JACKIE WYNE, demands judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injuries, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost past and future wages, loss of earning capacity, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT VI
## APPARENT AGENCY AS TO CARNIVAL
## FOR THE ACTS OF THE EMPLOYEES THAT CAME TO TREAT PLAINTIFF

111. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 36, as if set forth herein.

112. At all times material hereto, the employees that came to treat Plaintiff were represented to the Plaintiff and the ship's passengers as employees and/or agents and/or servants of Defendant, in that:

> a.  The employees that came to treat Plaintiff wore Defendant's uniform;
>
> b.  The employees that came to treat Plaintiff ate with Defendant's crew;

    c.   The employees that came to treat Plaintiff were under the commands of the ship's officers;

    d.   The employees that came to treat Plaintiff were paid a salary by Defendant;

    e.   The employees that came to treat Plaintiff worked aboard the vessel;

    f.   The employees that came to treat Plaintiff spoke to the Plaintiff as though they had authority to do so by Defendant.

113.  In addition, Defendant further represented to Plaintiff that the employees that came to treat Plaintiff were agents and/or employees of Defendant through its marketing materials and through other official statements that described its employees in proprietary language, including language such as "Carnival's crewmembers."

114.  Furthermore, at no time did Defendant represent to the Plaintiff in particular, or the ship's passengers in general, in a meaningful way that the employees that came to treat Plaintiff were not agents or employees of Defendant Carnival.

115.  At all material times, Plaintiff reasonably relied on the representations to Plaintiff's detriment that the employees that came to treat Plaintiff were employees, and/or agents, and/or servants of Defendant.

116.  It was reasonable to believe that the employees that came to treat Plaintiff were Defendant's agents because they wore a ship's uniform. In addition, at all times material, the employees that came to treat Plaintiff spoke and acted as though they were authorized to do so by Defendant.

117.  This reasonable reliance was detrimental because it delayed Plaintiff from receiving proper medical treatment and/or Plaintiff would not have gone on the subject cruise with

Defendant had Plaintiff known that the employees that came to treat Plaintiff were not Defendant's agents.

118.  Defendant is estopped to deny that the employees that came to treat Plaintiff were its apparent agents, and/or apparent employees, and/or apparent servants.

119. Defendant had a duty to provide Plaintiff with reasonable care under the circumstances and through the acts of its apparent agents breached its duty to provide Plaintiff with reasonable care under the circumstances.

120.  Plaintiff's injuries were aggravated due to the fault and/or negligence of Defendant through the acts of its apparent agents as follows (for factual details, see the "Definitions and Factual Allegations" section of the instant complaint):

      a.  Failing to timely call an ambulance and/or to otherwise arrange for Plaintiff to receive timely treatment for her injuries;

      b.  Failing to promptly provide Plaintiff with proper medical and/or first aid care and attention;

      c.  Failing to timely and properly diagnose and/or assess Plaintiff's condition;

      d.  Failing to timely and properly attend to the Plaintiff, Plaintiff's injuries, and Plaintiff's pain;

      e.  Failing to provide reasonable medical and/or first aid care;

      f.  Failing to timely and properly treat and care for the Plaintiff;

      g.  Failing to timely and properly examine the Plaintiff's injuries;

      h.  Failing to take proper measures to secure proper treatment for Plaintiff, including unreasonably delaying taking measures to secure such proper treatment;

i.  Failing to properly bring and/or arrange for Plaintiff to be brought to an emergency room within a reasonable amount of time; and/or

j.  Failing to give Plaintiff proper instructions.

121.  As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost past and future wages, loss of earning capacity, loss of the value of Plaintiff's vacation, cruise, and transportation costs.

122.  The losses are either permanent or continuing in nature.

123.  Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JACKIE WYNE, demands judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injuries, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost past and future wages, loss of earning capacity, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT VII
## ASSUMPTION OF DUTY FOR THE
## NEGLIGENCE OF THE EMPLOYEES THAT CAME TO TREAT PLAINTIFF

124.  Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 36, as if set forth herein.

125. Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

126. Such duties include, but are not limited to, providing such care and assistance as would an ordinarily prudent person under the circumstances.

127. Defendant elected to discharge this duty by having Plaintiff seen by the employees that came to treat Plaintiff.

128. As such, Defendant voluntarily assumed a duty for the benefit of Plaintiff to use reasonable care in the provision of medical and/or first-aid and/or other services to the Plaintiff.

129. Defendant, through the employees that came to treat Plaintiff, breached its duties, and was negligent by failing to timely call an ambulance and/or to otherwise arrange for Plaintiff to receive timely treatment for her injuries.

130. Furthermore, Defendant breached its duties, and was negligent because the employees that came to treat Plaintiff lacked adequate experience in treating injuries such as the one Plaintiff suffered.

131. Defendant breached its duties and was negligent by failing to take proper measures to ensure that Plaintiff was able to obtain the medical treatment Plaintiff needed in a reasonable amount of time, and as a result, Plaintiff suffered additional injuries and/or Plaintiff's injuries were aggravated and made worse.

132. Additionally, at all times material hereto, Defendant was careless, negligent, and breached its duties as follows (for factual details, see the "Definitions and Factual Allegations" section of the instant complaint):

    a. Failing to timely call an ambulance and/or to otherwise arrange for Plaintiff

to receive timely treatment for her injuries;

b. Failing to promptly provide Plaintiff with proper medical and/or first aid care and attention;

c. Failing to timely and properly diagnose and/or assess Plaintiff's condition;

d. Failing to timely and properly attend to the Plaintiff, Plaintiff's injuries, and Plaintiff's pain;

e. Failing to provide reasonable medical and/or first aid care;

f. Failing to timely and properly treat and care for the Plaintiff;

g. Failing to timely and properly examine the Plaintiff's injuries;

h. Failing to take proper measures to secure proper treatment for Plaintiff, including unreasonably delaying taking measures to secure such proper treatment;

i. Failing to properly bring and/or arrange for Plaintiff to be brought to an emergency room within a reasonable amount of time; and/or

j. Failing to give Plaintiff proper instructions.

133. At all times material hereto, the aforementioned acts or omissions on the part of Defendant fell below the standard of care.

134. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred, would have been substantially lessened, and/or would not have been aggravated.

135. Defendant, through its employees and agents, to wit, the employees that came to treat Plaintiff, knew, or should have known, that the medical and/or first-aid procedures they employed violated reasonable standards of care.

136. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, past and future lost wages, loss of earning capacity, loss of the value of Plaintiff's vacation, cruise, and transportation costs.

137. The losses are either permanent or continuing in nature.

138. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JACKIE WYNE, demands judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injuries, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost past and future wages, loss of earning capacity, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, JACKIE WYNE, demands trial by jury on all issues so triable.

**Dated:** May 26, 2022.

Respectfully submitted,

*/s/ Matthias M. Hayashi*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774

aivey@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:       (305) 441.0440
F:       (305) 441.0198
***Attorneys for Plaintiff***