United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jackie Wyne, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-21638-Civ-Scola |
| | ) |
| Carnival Corporation, Defendant. | ) |

**Order on Plaintiff's Motion to Strike**

This matter is before the Court upon the Plaintiff's motion to strike the Defendants' affirmative defenses. (ECF No. 30.) The Defendants filed a response (ECF No. 31), to which the Plaintiff replied. (ECF No. 32.) After careful review of the briefing, the record, and the relevant legal authorities, the Court **grants in part and denies in part** the motion to strike. (**ECF No. 30.**)

1. **Background**

Plaintiff Jackie Wyne, who brings claims for negligence against Defendant Carnival Corporation relating to personal injury allegedly caused by the Defendant or its employees, moves to strike Carnival's third, fourth, fifth, sixth, eighth, and tenth affirmative defenses. (Mot. at 2-8.) The Plaintiff argues that the defenses at issue fail to admit the allegations of the complaint, are insufficiently supported by factual pleadings, or are insufficient as a matter of law. (*Id.*) The Defendant argues in response that each of the challenged defenses meet the pleading standards of Federal Rule of Civil Procedure 8(c) and are legally permissible affirmative defenses. (Resp. at 2-7.)

2. **Legal Standard**

Affirmative defenses are not held to the same pleading standard as claims for relief. *Ramnarine v. CP RE Holdco 2009-1, LLC,* No. 12-61716-Civ, 2013 WL 1788503, at *3 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, J.) (noting the differences between the language of Rule 8(a) (governing claims for relief) and Rule 8(c) (governing affirmative defenses)); *Gonzalez v. Scottsdale Ins. Co.,* No. 20-20747-Civ, 2020 WL 1891328, at *1 (S.D. Fla. Apr. 16, 2020) (Scola, J.) (same). The *Twombly*/*Iqbal* jurisprudence does not govern affirmative defenses. *Ramnarine,* 2013 WL 1788503, at *2–3. An affirmative defense is sufficient so long as it provides the opposing party with notice of an additional issue (not directly related to liability) that may be raised at trial so that the opposing party can litigate the new issue. *Cf. Hassan v. U.S. Postal Serv.,* 842 F.2d 260, 263 (11th Cir. 1999). District Courts have "broad discretion in considering a

motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005) (Ryskamp, J.) Despite this discretion, "[a] motion to strike is a drastic remedy, which is disfavored by the courts and will be usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, 2018 WL 4743634, *1 (S.D. Fla. Oct. 2, 2018) (Bloom, J.) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla*, 306 F.2d 862, 868 (5th Cir. 1962)).

### 3. Analysis

The Court will address each of the challenged affirmative defenses in turn, applying the standards required by Rule 8(c), not Rule 8(a). *Gonzalez*, 2020 WL 1891328, at *1.

### A. The Third Affirmative Defense

Carnival's third affirmative defense reads, in whole, as follows: "This action is governed by and subject to the terms, limitations, and conditions contained in the ticket contract. Carnival adopts and incorporates by reference same herein in their entirety." (Affirmative Defenses, ECF No. 29, ¶ 3.) Wyne challenges this defense as a "shotgun" affirmative defense that "fail[s] to admit any allegations . . . [and] fail[s] to cite any facts." (Mot. at 8.) Carnival responds that this defense "adequately notices [the] Plaintiff of the theory Carnival intends to use as a defense." (Resp. at 7.)

The Court finds that the third affirmative defense functions, at worst, as a denial of the Plaintiff's claims through its reference to the ticket contract's terms. Therefore, the appropriate remedy is not to strike the third affirmative defense, but to treat it as a specific denial. *Isola Condo. Assoc., Inc. v. Rockhill Ins. Co.*, No. 21-23114-CIV, 2021 WL 6066126, at *2 (S.D. Fla. Nov. 15, 2021) (Goodman, Mag. J.) ("When this occurs, the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial.") (brackets in original). The Court therefore declines to strike this defense.

### B. The Fourth Affirmative Defense

Carnival's fourth affirmative defense reads, in whole, as follows: the "Defendant further affirmatively claims that [the] Plaintiff's past medical expense damages are limited to those that are reasonable and necessary, including reduction for any amounts written-off, not submitted or which [the] Plaintiff was not required to pay." (Affirmative Defenses ¶ 4.) Wyne argues that this defense is not legally cognizable under Eleventh Circuit precedent. (Mot. at

7 (citing *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1313-14 (11th Cir. 2020)).) Carnival responds that the defense, as written, tracks the law as stated in *Higgs*. (Resp. at 5-6 (citing 969 F.3d at 1317).)

The Court finds that the fourth affirmative defense does not comport with maritime law as stated by the Eleventh Circuit in *Higgs*. 969 F.3d at 1313-14, 1317. To be clear, *Higgs* explicitly allows for the presentation of evidence of write-offs or other reductions in the total amount of medical bills for the purposes of determining the "reasonable value of medical services" incurred by a maritime plaintiff. *Id.* at 1315. What *Higgs* does not allow is a **reduction** in a maritime plaintiff's damages. *Id.* at 1310 n.3 ("Because we hold that it was error for the district court to reduce Higgs's recovery at all, we need not consider whether it reduced the recovery in an appropriate way."). Because the fourth affirmative defense seeks a reduction in Wyne's damages, it is not legally cognizable, and the Court **strikes** this defense, albeit without prejudice.

### C. The Fifth Affirmative Defense

Carnival's fifth affirmative defense reads, in whole, as follows: the "Plaintiff failed to mitigate her damages, if any, thus precluding or diminishing [the] Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided [the] Plaintiff's alleged losses or injuries." (Affirmative Defenses ¶ 5.) Wyne asserts that this defense should be stricken because it does not admit the essential facts of the complaint and because it is not sufficiently supported with facts. (Mot. at 2.) Carnival argues that this defense sufficiently places Wyne on notice and that Carnival by nature of the defense will not possess sufficient knowledge to plead facts supporting the defense until discovery has been taken. (Resp. at 3-4.)

The Court finds that the fifth affirmative defense sufficiently places Wyne on notice of the arguments that Carnival intends to make at trial. First, the defense by necessity admits the essential elements of the complaint because it assumes that Wyne is entitled to damages. Second, this defense is stated in a manner that provides sufficient notice of Carnival's intent to argue the defense of failure to mitigate damages at trial. *Melaih v. MSC Cruises, S.A.*, No. 20-61341-Civ, 2021 WL 3727837, at *5 (S.D. Fla. July 27, 2021) (Valle, Mag. J.), *report and recommendation adopted*, *Melaih v. MSC Cruises, S.A.*, No. 20-61341-Civ, 2021 WL 3726210, at *1 (S.D. Fla. August 23, 2021) (Smith, J.). Therefore, the Court declines to strike the fifth affirmative defense.

### D. The Sixth Affirmative Defense

Carnival's sixth affirmative defense reads, in whole, as follows: the "Plaintiff's injuries, if any, are the result of a pre-existing injury or condition that was not aggravated by the alleged accident claimed herein. Alternatively, if any pre-existing injury or condition was aggravated by any actions alleged in the Compliant, then [the] Plaintiff is only entitled to recovery for the damages resulting from the aggravation." (Affirmative Defenses ¶ 6.) Wyne argues that this defense fails to admit the essential facts of the complaint, is not sufficiently supported with facts, and is insufficient as a matter of law, based on Florida state law. (Mot. at 3-4.) Carnival responds that this defense accords with Eleventh Circuit precedent. (Resp. at 5.) Wyne effectively withdraws her arguments regarding insufficiency as a matter of law in her reply, stating that "if this Honorable Court believes that this affirmative defense does not contradict Florida Jury Instruction 501.5(a) or prevent WYNE from presenting this affirmative defense to the jury, WYNE's concerns will have been addressed by such a ruling, since this was her main concern." (Reply at 3.)

The Court declines to strike the sixth affirmative defense. As with the fifth affirmative defense, the sixth affirmative defense does admit the complaint's essential facts and sufficiently places Wyne on notice of the arguments that Carnival intends to make at trial. *Melaih*, 2021 WL 3727837, at *5. The defense also comports with the Eleventh Circuit's decision in *Wilkinson v. Carnival Cruise Lines, Inc.* and the terms of Florida Jury Instruction 501.5(a).[1] 920 F.3d 1560, 1569 (11th Cir. 1991).

### E. The Eighth Affirmative Defense

Carnival's eighth affirmative defense reads, in whole, as follows: "The incident and injuries alleged in the amended Complaint were the result of intervening and unforeseeable causes for which Carnival had no duty to protect Plaintiff from." (Affirmative Defenses ¶ 8.) As with the third affirmative defense, Wyne argues that the eighth affirmative defense is a "shotgun" defense that fails to admit the essential facts of the complaint and does not plead sufficient facts to support it. (Mot. at 8-9.) Carnival responds that the eighth defense sufficiently places the Plaintiff on notice. (Resp. at 7.)

The Court declines to strike the eighth affirmative defense. As with the third defense, the eighth defense functions, at worst, as a denial of the allegation that the Plaintiff was owed a duty of care by the Defendant.

---

[1] The Court declines to address whether the Plaintiff's reliance on Florida substantive law is appropriate or necessary at this time. The Court merely observes that the affirmative defense, as stated, does not conflict with the jury instruction on which the Plaintiff relies.

Therefore, the eight defense should not be stricken.[2] *Isola Condo. Assoc.*, 2021 WL 6066126, at *2.

### F. The Tenth Affirmative Defense

Carnival's tenth affirmative defense reads, in whole, as follows: "Third parties over whom Carnival, at the time of their actions, had no control and their intentional acts are the proximate cause of any loss, injury or damage to Plaintiff. The actions of the third party were an intervening and superseding event." (Affirmative Defenses ¶ 10.) Wyne asserts that this defense is insufficient as a matter of law, as it seeks to impermissibly apply Florida's *Fabre* doctrine to a maritime action, and that it also fails to admit the essential facts of the complaint and fails to plead sufficient facts. (Mot. at 5-6.) Carnival argues that the intervening and superseding cause defense is a valid defense in maritime action, and that the defense sufficiently places the Plaintiff on notice. (Resp. at 6-7.) The Plaintiff replies that this defense "must" be an impermissible *Fabre* defense because the eighth affirmative defense also asserts the intervening and superseding cause defense. (Reply at 4-5.)

The Court declines to strike the tenth affirmative defense. As with the other affirmative defenses, the tenth defense admits the essential facts of the complaint and sufficiently places the Plaintiff on notice. *Melaih*, 2021 WL 3727837, at *5. Further, the intervening and superseding cause defense is applicable in maritime actions and functions as a complete bar to recovery, rather than apportioning recovery. *Wiegand v. Royal Caribbean Cruises Ltd.*, 473 F. Supp. 3d 1348, 1351 (S.D. Fla. 2020) (Graham, J.) ("The Supreme Court has held, the superseding cause doctrine, which serves to exculpate the defendant from liability entirely, is applicable in admiralty cases.") (citing *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 836-837 (1996)). The tenth affirmative defense explicitly asserts the intervening and superseding cause doctrine and is worded as to seek a complete bar to recovery. Therefore, it comports with the requirements of maritime law. *Id.*

### 4. Conclusion

For the reasons stated above, the Court **grants in part and denies in part** the motion to strike. (**ECF No. 30.**) The Court **strikes** Defendant Carnival's fourth affirmative defense, **without prejudice**. The Court declines to strike the remainder of the challenged affirmative defenses.

---

[2] Because the eighth affirmative defense asserts that Carnival did not owe the Plaintiff a duty of care, and the tenth affirmative defense asserts a lack of proximate cause, the Court also declines to strike the eighth affirmative defense as redundant.

**Done and ordered** in Miami, Florida, on October 6, 2022.

_____
Robert N. Scola, Jr.
United States District Judge